DECISION
Plaintiffs-appellants, William and Carol Damsel, appeal the December 28, 2000 judgment entry of the Franklin County Court of Common Pleas granting summary judgment on all claims for defendant-appellee, Shapiro 
Felty, L.L.P., and denying as moot plaintiffs-appellants' motion to compel discovery. For the foregoing reasons, we affirm.
On December 20, 1999, appellants filed their complaint against appellee alleging that appellee's representation of appellants' mortgagee in a prior foreclosure action against appellants violated several provisions of the Fair Debt Collection Practices Act ("FDCPA"), Sections 1692 1692o, Title 15, U.S.Code. Appellants raised claims under the FDCPA and for common law intentional infliction of emotional distress.
Appellee moved for summary judgment and, by written decision filed November 29, 2000, the trial court granted summary judgment for appellee on all claims. In so doing, the trial court found that appellants failed to create genuine issues of material fact that appellee violated the provisions of the FDCPA as alleged by appellants or that appellee intentionally inflicted severe emotional distress. In the same written decision, the trial court overruled as moot the parties' respective motions to compel discovery. The trial court entered judgment accordingly on December 28, 2000.
It is from this judgment entry that appellants appeal, raising the following five assignments of error:
Assignment of Error No. 1
 The trial court erred in granting summary judgment to defendant when there were genuine issues of material fact concerning their failure to provide plaintiffs with verification of the amount of the debt, which is a violation of the Fair Debt Collection Practices Act.
Assignment of Error No. 2
 The trial court erred in granting summary judgment to defendant when there were genuine issues of material fact concerning their failure to provide plaintiffs with notice of their right to dispute the validity of the debt, which is a violation of the Fair Debt Collection Practices Act.
Assignment of Error No. 3
 The trial court erred in granting summary judgment to defendant when there were genuine issues of material fact concerning their demands of an excessive additional fee to reinstate the loan, which is a violation of the Fair Debt Collection Practices Act.
Assignment of Error No. 4
 The trial court erred in granting summary judgment to defendant when there were genuine issues of material fact concerning the violations of the Fair Debt Collection Practices Act.
Assignment of Error No. 5
 The trial court erred in not granting plaintiffs' motion to compel discovery when defendant failed to provide discovery of relevant, unprivileged information which was required by Rules 33 (A), 34 (B), and 36 (A) of the Ohio Rules of Civil Procedure.
In their first four assignments of error, appellants challenge the trial court's decision to grant summary judgment for appellee. Pursuant to Civ.R. 56(C), summary judgment shall be rendered forthwith if:
 *** [T]he pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. ***
Accordingly, summary judgment is appropriate only where: 1) no genuine issue of material fact remains to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. Tokles Son, Inc. v. Midwestern Indemn. Co. (1992),65 Ohio St.3d 621, 629, citing Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 65-66. "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record *** which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. Once the moving party meets its initial burden, the nonmovant must then produce competent evidence showing that there is a genuine issue for trial. Id.
When an appellate court reviews a trial court's disposition of a summary judgment motion, the appellate court applies the same standard as that applied by the trial court. Maust v. Bank One Columbus, N.A. (1992), 83 Ohio App.3d 103, 107. An appellate court's review of a summary judgment disposition is independent and without deference to the trial court's determination. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711. Thus, in determining whether a trial court properly granted a summary judgment motion, an appellate court must review the evidence in accordance with the standard set forth in Civ.R. 56, as well as the applicable law. Murphy, supra. With these standards in mind, we address appellant's specific assignments of error out of order for purposes of analysis.
In their second assignment of error, appellants contend that the trial court erred in granting summary judgment on appellants' claim that appellee failed to comply with the validation and verification notice requirements under Section 1692g(a), Title 15, U.S.Code. In particular, appellants contend that they raised a genuine issue of material fact as to whether appellee sent the statutorily required notice. We disagree.
Under Section 1692g(a), Title 15, U.S. Code, a debt collector is required, within five days after the initial communication with a consumer in connection with the collection of any debt, to send the consumer a written notice containing specific information unless such information is contained in the initial communication with the consumer or the consumer has paid the debt. Specifically, the written notice must contain the following:
(1) the amount of the debt;
(2) the name of the creditor to whom the debt is owed;
 (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
 (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
 (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.
Compliance with Section 1692g(a), however, requires only that the notice be sent to the debtor; the debt collector need not establish actual receipt by the debtor. Mahon v. Credit Bureau of Placer County Inc. (C.A.9, 1999), 171 F.3d 1197, 1201 (debtors' assertion that they did not receive notice was not sufficient to raise genuine issue of material fact as to whether debt collector sent the notice when debtor offered no evidence that debt collector failed to follow its ordinary business procedure in sending such notices).
Here, in support of its motion for summary judgment, appellee attached the affidavit of Lisa Michaels, an attorney and employee of appellee. In the affidavit, Michaels testified, inter alia, that: (1) she was one of the attorneys of record in the underlying foreclosure case; (2) on November 25, 1998, the notice required by the FDCPA was sent to appellants at their home address via ordinary mail and was never returned; (3) internal notes of appellee corroborated the date the notice was prepared and sent; and (4) the underlying foreclosure complaint was filed on December 16, 1998, and served on appellants by certified mail on December 19, 1998 at the same address where the notice was mailed. A copy of the November 25, 1998 notice and the firm's internal notes were attached to the affidavit.
In opposition, appellants filed an affidavit of appellant William Damsel, specifically denying that appellants received any notice, letter, or any other written communication from appellants prior to the service of the foreclosure complaint on December 19, 1998. Appellants did not, however, submit any evidence to contradict the affidavit of Lisa Michaels that the notice was sent or that appellee failed to follow its ordinary business procedure in sending such notices.
Rather, appellants contend that Ms. Michaels lacks personal knowledge about the facts she purports to attest because she was not the attorney who signed the original complaint filed in December 1998. Appellants do not, however, raise a genuine dispute that Ms. Michaels is personally familiar with the case, is competent to testify as to what the foreclosure file reflects, or the standard procedures used by appellee in sending out such notices.
Appellants also contend that there is a genuine dispute as to whether the November 1998 notice was, in fact, sent, because two other letters prepared by appellee and addressed to appellants during this period of time were never sent to appellants. According to appellants, a reasonable trier of fact could conclude that, because these other two letters were never sent, the November 25, 1998 notice was also never sent.
In its reply memorandum, however, appellee explained, as supported by the affidavit of Adam Stiles (an employee of appellee working in the accounting department), that the two letters in question (one dated December 17, 1998 and the other dated January 22, 1999) were mortgage pay-off letters prepared at the direction of appellants' agents working with appellants to refinance the subject mortgage. Both letters, though addressed to appellants, were faxed at the direction of appellants' agent to the relevant title companies. Thus, neither of the letters were created or intended to be sent to appellants directly. As such, we do not find that the existence of such letters creates a triable issue as to whether the November 25, 1998 notice was not sent. As such, we find appellants' second assignment of error not well-taken and overruled.
In their first assignment of error, appellants contend that the trial court erred in granting summary judgment as to appellants' claim that appellee violated the FDCPA by failing to timely provide appellants with a loan reinstatement amount when requested. It is undisputed that, in December 1998 and in January 1999, appellant William Damsel telephoned appellee several times and requested the reinstatement amount to bring the loan current. It is also undisputed that the reinstatement amount was conveyed to appellants on February 3, 1999. According to appellants, such a delay is providing such a reinstatement amount to a consumer who, under their loan, has a right to reinstate the loan, is a "pretty clear violation of the FDCPA" to which the trial court erred in failing to recognize.
Appellants, however, cite to no provision in the FDCPA governing a debt collector's obligations with regard to reinstatement amounts, let alone any obligation to provide such amounts when requested. While appellants argue that, when a consumer requests a reinstatement amount, the consumer is essentially disputing a portion of the debt as provided under Section 1692g(b), Title 15, U.S. Code, we find such argument unpersuasive.
First, appellants requesting a reinstatement amount was not disputing or seeking verification of the debt as governed by the FDCPA. The debt, as identified in the November 25, 1998 notice was the total outstanding principal balance, plus accrued interest, and late charges owed under the loan/mortgage. The reinstatement amount, however, was that amount which, under the terms of the loan/mortgage agreement, appellants, as defaulting parties, could pay to bring the loan current and thus reinstate the loan. Appellants' right to reinstate the loan after default (and any obligation by the lender or appellee as representative of the lender to convey such amounts to appellants) was governed by the terms of the loan/mortgage agreement and not the FDCPA.
Moreover, to the extent the FDCPA's provisions governing the disputing of debts is applicable, it is undisputed that appellants failed to invoke such provisions. Section 1692g(b), Title 15, U.S. Code provides that a consumer may dispute the debt or any portion thereof by notifying the debt collector in writing within the thirty days. Appellants make no claim under this provision. Appellants' first assignment of error is not well-taken and is overruled.
In their third assignment of error, appellants contend that there were genuine issues of material fact as to their claim that appellee demanded an excessive fee to reinstate the loan in violation of the FDCPA. According to appellants, appellee demanded more than $2,000 of additional miscellaneous fees to reinstate the loan. Again, we find appellants' argument unpersuasive.
Section 1692f prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect any debt, including the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. Here, as evidenced through the affidavit of Ms. Michaels, the reinstatement amount conveyed to appellants on February 3, 1999 included $1,430 of fees — $400 for attorney fees, $892 for costs for title search and evidence of title, and $138 for a filing fee. Appellee also contends that all such fees were authorized under the mortgage agreement entered into by appellants.
While appellants argue (without explanation) that the total miscellaneous fees demanded were more than $2,000, appellants do not dispute that the fees were recoverable under the terms of the mortgage as a condition of reinstatement. Nor have appellants otherwise explained why or how such fees were excessive. Appellants' third assignment of error is not well-taken and is overruled.
In their fourth assignment of error, appellants generally contend that the trial court did not properly apply the standard for evaluating whether summary judgment should be granted. In so doing, however, appellants do not raise any additional argument not otherwise raised and addressed in appellants' first, second, and third assignments of error. We, therefore, find appellants' fourth assignment of error not well-taken and is overruled.
Finally, in their fifth assignment of error, appellants challenge the trial court's failure to grant appellants' motion to compel discovery. As noted above, however, the trial court, having granted summary judgment, found the motion to compel moot. Having found no error in the trial court's summary judgment decision, we likewise find appellants' fifth assignment of error to be moot.
For the foregoing reasons, we overrule appellants' first, second, third, and fourth assignments of error on their merits, and overrule appellants' fifth assignment of error as moot. The judgment of the Franklin County Court of Common Pleas is affirmed.
DESHLER and BROWN, JJ., concur.